1  Nathan Dooley (CA Bar No. 224331)
   COZEN O'CONNOR
2  601 S. Figueroa Street, Suite 3700
   Los Angeles, California  90017
3  Tel:    213-892-7933
   Fax:    213-892-7999
4  Email:      ndooley@cozen.com

5  Attorneys for Defendant
   *WinCup, Inc.*
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 JEFFREY HEAVEY, an Individual on          Case No.    **'25CV1099 GPC KSC**
   behalf of himself and all other similarly
11 situated and the general public,

12          Plaintiffs,                       **DECLARATION OF NATHAN
                                              DOOLEY IN SUPPORT OF NOTICE
13                                            OF REMOVAL**

     v.
14
   WINCUP, INC., a Delaware
15 Corporation, and DOES 1-100 inclusive,

16          Defendants.

17

18          I, Nathan Dooley, Esq., declare as follows:

19          1.      I am a member of the law firm of Cozen O'Connor, and I represent

20 Defendant WinCup, Inc. ("WinCup") in this action.  I make this declaration of

21 personal, firsthand knowledge, and if called and sworn as a witness, I could and

   would testify competently thereto.
22
            2.      A true and correct copy of Plaintiff Jeffrey Heavey's ("Heavey")
23
   Summons and Complaint in the Superior Court of the State of California, San Deigo
24
   County Case No. 25CU014781C, dated March 31, 2025 is attached to the Notice of
25
   Removal as **Exhibit A.**
26

27

28

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

3.     A true and correct copy of Heavey's Proof of Service filed in the Superior Court of the State of California, San Deigo County Case No. 25CU014781C, on April 3, 2025 is attached to the Notice of Removal as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of April, 2025, at Los Angeles, California.


_s/Nathan Dooley_____
Nathan Dooley

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

2

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
3/21/2025 11:30:53 AM

Clerk of the Superior Court
By C. Miranda        ,Deputy Clerk

1  Eric K. Yaeckel [CSB No. 274608]
   yaeckel@sullivanlawgroupapc.com
2  Ryan T. Kuhn [CSB No. 324538]
   ryan@sullivanlawgroupapc.com
3  **SULLIVAN & YAECKEL LAW GROUP, APC**
4  2330 Third Avenue
   San Diego, California 92101
5  (619) 702-6760 * (619) 702-6761 FAX
6
   Attorneys for Plaintiff JEFFREY HEAVEY, an Individual on behalf of himself and all others
7  similarly situated and the general public

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                       **COUNTY OF SAN DIEGO**

11  | JEFFREY HEAVEY, an Individual on | ) | CASE NO.:   25CU014781C |
12  | behalf of himself and all others similarly | ) | |
    | situated and the general public, | ) | (Proposed CLASS ACTION) |
13  | | ) | |
    | Plaintiffs, | ) | **CLASS ACTION COMPLAINT FOR:** |
14  | | ) | |
15  | v. | ) | 1.    **VIOLATION OF CALIFORNIA** |
    | | ) | **BUSINESS & PROFESSIONS CODE** |
16  | WINCUP, INC., a Delaware Corporation, | ) | **§17500, et seq., and** |
    | and DOES 1-100, inclusive, | ) | |
17  | | ) | 2.    **VIOLATION OF CALIFORNIA** |
    | Defendants | ) | **BUSINESS & PROFESSIONS CODE** |
18  | | ) | **§17200, et seq.** |
19  | | ) | |

20

21

22

23

24

25

26

27

28

COMES NOW Plaintiff, JEFFREY HEAVEY, ("Plaintiff,")  an Individual on behalf of himself and all others similarly situated and the general public, and hereby alleges as follows:

Plaintiff brings this action on behalf of himself, and all others similarly situated, against Defendants, WINCUP, INC. (hereinafter, "Defendants," or "WINCUP"). The allegations in this Complaint, stated on information and belief, have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

Specifically, this action involves "Greenwashing," wherein Defendants falsely advertise their expanded polystyrene (EPS) foam products as "Recyclable," a term defined under California law. Defendants' advertisements are false, deceptive and/or misleading, as EPS foam products are not presently recyclable, and were not recyclable at any time within the operative Limitations Period. Notably, EPS foam products are not legally allowed to be sold in the State of California. Given the false, deceptive and/or misleading advertising constituting unlawful, unfair and/or fraudulent business acts or practices, and the resultant damage, Defendants' are liable as set forth below.

## NATURE OF THE ACTION

1.    Plaintiff files this class action lawsuit on behalf of himself and all similarly situated California citizens who purchased EPS foam products manufactured, distributed, marketed and/or sold by WINCUP, in the State of California, within the operative Limitations Period. The proposed Class does not, and will not, include any individual who is not a citizen of, or a purchase made outside of, the State of California.

2.    This matter involves false, deceptive and/or misleading representations, by WINCUP, that its EPS foam products are "recyclable."

3.    The WINCUP representations that its EPS foam products are "recyclable" are false, deceptive and/or misleading, pursuant to the plain and common definitions of the terms.

-1-

4.      Plaintiff viewed the subject mis-representations *prior to* his purchase of said products, and relied on said mis-representations when purchasing said products.

5.      WINCUP is, or reasonably should be, aware that its statements are false, deceptive and/or misleading, as its EPS foam products do not meet the criteria for statewide recyclability. WINCUP is aware that these recyclability claims, as used by WINCUP, are and were false and/or misleading when first disseminated by WINCUP.

## THE PARTIES

6.      Plaintiff is a citizen of the State of California, and has purchased Defendants' products in the County of San Diego regularly, based on his reliance (*prior to* purchase) of Defendant's false, deceptive and/or misleading representations, and thereby adversely altered his position in an amount equal to the amount he paid for the Defendants' products. Plaintiff and the Proposed Class would not have purchased or paid a premium for the WINCUP products had they known that the recycling representations were false, deceptive and/or misleading.

7.      Defendant WINCUP is registered with the California Secretary of State as a Delaware corporation. Its Headquarters, and designated "principal place of business," is in the State of Georgia.

8.      The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore sue said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages, as alleged herein.

9.      On information and belief, Plaintiff alleges that at all times herein mentioned, each of the Defendants was acting as the agent, servant or employee of the other Defendants and that during the times and places of the incident in question, Defendants and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

10.     On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

11.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused WINCUP products to be sold with knowledge or reckless disregard that the statements and representations concerning the WINCUP products were false, deceptive and/or misleading. Plaintiff is informed and believes, and thereon alleges, that the Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein. Given the above, Defendants' advertising constitutes unlawful, unfair and/or fraudulent business acts or practices, and Defendants' are liable as set forth below.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter in that all parties and proposed Class Members are citizens of, or do business and have Headquarters within, the State of California and the amount in controversy exceeds the statutory minimum limit of this Court. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and

1   will be established according to proof at trial. Furthermore, there is no federal question at issue as

2   the operative allegations all solely involve state (and not federal) law.

3       13.    Plaintiff is a citizen of the State of California and subject to the personal jurisdiction

4

5   of this Superior Court. Further, Plaintiff purchased the majority of the WINCUP goods within San

6   Diego County. Defendants' conduct business in San Diego County, California and otherwise

7   intentionally avail themselves of the markets in San Diego County, therefore the exercise of

8   jurisdiction by this Court is proper.

9                                    **FACTUAL BACKGROUND**

10

11      14.    Plaintiff has purchased WINCUP's EPS foam goods/products (including cups, bowls,

12   lids) regularly, based on his reliance (*prior to* purchase) of said false, deceptive and/or misleading

13   representations, and thereby adversely altered his position in an amount equal to the amount he paid

14   for the Defendants' goods/products. Select receipts of said purchases are attached hereto, as **Exhibit**

15   **A.**

16

17      15.    As more specifically set forth below, WINCUP recycling claims are widely

18   disseminated on the WINCUP packaging/labeling, and through other written publications.

19      16.    At all relevant times, Plaintiff believed that he was purchasing WINCUP goods that

20   were made of recyclable materials, based on his prior reliance on Defendants' representations.

21   Plaintiff would not have continued to purchase the products, or would have purchased them but at

22

23   a lesser price, absent the misleading statements and misrepresentations made by WINCUP. Please

24   see specific examples of Defendants' false, untrue and misleading representations, below.

25                                    **The Recycling Claims**

26      17.    Defendants advertise that many of its products are "Recyclable," by and through a

27   variety of ways, including the use of the "chasing arrows" symbol on its labeling/packaging. For

28   example, many of Defendants' EPS foam products are packaged in a cardboard box, which contain

a "chasing arrows" symbol, the text "contents recyclable" and the text "recyclable". Plaintiff's purchases from Defendants (including Defendants' cups, bowls, and lids) contained these "chasing arrows" symbols and "contents recyclable" text.

18.     The "chasing arrows" symbol (first introduced in 1970) is statutorily defined to mean than an item is recyclable. Under California law, an item may not be labeled "recyclable" unless 60 percent of consumers or communities have access to recycling facilities that will <u>actually</u> recycle, not simply accept and ultimately discard, the product. EPS foam does not currently meet this threshold, and has not met the threshold at any time within the operative Limitations Period.

19.     EPS foam is a type of plastic made of the #6 resin polystyrene. EPS foam is lightweight, crumbles easily, and quickly spreads in the environment. EPS foam is one of the most common forms of plastic that pollutes California waterways and beaches.

20.     It is not economically viable to recycle EPS foam. The recycling service providers do not accept or sort EPS foam, or have the markets to sell them, which precludes the recycling options. Further, EPS foam products often contain food or beverage residue, rendering them contaminated, and thus destined for landfill. Additionally, EPS foam products are not legally allowed to be sold in the State of California. Finally, there are <u>no</u> recycling facilities in California which actually recycle EPS foam.

21.     EPS foam does not currently meet, and has never met, California's recyclability requirements. Pursuant to California law, "(a) product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." In order to make a recyclable claim, 60 percent of consumers or communities must have access to facilities that will actually recycle the product. However, there are <u>no</u> facilities in California, which can, or do, <u>actually</u> recycle EPS foam. As a result, 0% of California households have access to an

established recycling program which can recycle EPS foam. Pursuant to California Law, even if an item is technically capable of being recycled, but is highly unlikely to be recycled, the recyclable claim is deceptive, since it asserts an environmental benefit where no benefit exists.

22.    WINCUP has known, or reasonably should have known, that its EPS foam products are not, and never have been, recyclable. Yet WINCUP falsely claims that their EPS foam products are recyclable. Further, WINCUP engages in marketing campaigns designed to encourage the consumption of WINCUP's EPS foam products, by falsely reassuring consumers that recycling is an effective solution. This is false, deceptive and/or misleading, because (in part) EPS foam products are **not** potentially recyclable, and are not actually recycled in California. Damage has resulted from the continued dissemination of WINCUP's false representations. For example, out of 240 Smart & Final stores in the State of California, 192 stores currently sell WINCUP foam products. As of January 1, 2025 producers of EPS foam are required to demonstrate a recycling rate of no less that 25% or the sale of EPS is prohibited pursuant to California Public Resources Code § 42057. WINCUP has not demonstrated a recycling rate of no less that 25% of EPS foam, therefore the sale of their EPS foam products is prohibited in the State of California.

23.    The "recycling" representations (including the use of the "chasing arrows" symbol on WINCUP's EPS foam products are false, deceptive and/or misleading. WINCUP's recyclability representations indicate to consumers that their EPS foam products are recyclable, via the use of the "chasing arrows" symbol, and the text "Contents Recyclable" placed directly on the product packaging. California law requires that, in order for an item to be recyclable, there must be an established recycling program that will <u>actually</u> recycle the item, there must be market demand for the item, and the item must maintain value. Defendants' representations are false, deceptive and/or misleading, as there is no current established recycling program for reuse or use in manufacturing, or assembling another item. There are no EPS foam processing or recycling facilities in the State

of California. There is no current market value for recycled EPS foam. Further, the sale of EPS foam is prohibited in the State of California as EPS foam is not recycled at a rate above 25%.

24.    Given the above, WINCUP's EPS foam products are either sent to a landfill or dumped into California's landscapes and waterways. In 2022 alone, it is estimated that between 121,324 and 179,756 tons of plastic waste were dumped on California lands. Plastic waste that is dumped at landfills contributes to plastic pollution of the environment. As plastic waste degrades in landfills, microplastics are released into the surrounding environment, including the air, soil, groundwater, and surface water. Thus, the WINCUP representations are false, deceptive and/or misleading.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

25.    Plaintiff asserts claims on behalf of class members pursuant to California Business & Professions Code § 17200, et seq. The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims, and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendants' pattern of unfair and deceptive business practices as alleged herein. This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of its business.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this class action lawsuit on behalf of himself and all similarly situated California citizens who purchased EPS foam products manufactured, distributed, marketed and/or sold by WINCUP, in the State of California, within the operative Limitations Period. The proposed Class does not, and will not, include any individual who is not a citizen of, or a purchase made outside of, the State of California.

27.     Plaintiff seeks to represent a Class (or Classes) to be specifically identified within a future Motion for Class Certification. Excluded from the Class will be WINCUP, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of WINCUP. Plaintiff reserves the right to expand, limit, modify, or amend his class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

28.     The Class is made up of tens (if not hundreds) of thousands of California citizens who purchased the WINCUP products in the State of California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because, based on information and belief, thousands to hundreds of thousands of units of the WINCUP products have been sold in the State of California, to California citizens, within the operative Limitations Period.

29.     There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a.     Numerosity: The members of the Classes are so numerous that any form of joinder of all members would be unfeasible and impractical. On information and belief, Plaintiff believes the size of the Classes exceeds One Hundred Thousand (100,000) members.

b.     Typicality: Plaintiff is qualified to and will fairly and adequately protect the interests of each member of the Classes with whom he has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Classes.

c.     Adequacy: Plaintiff does not have a conflict with the Classes and is qualified to

-8-

and will fairly and adequately protect the interests of each member of the Classes with whom she has a well- defined community of interest and typicality of claims. Plaintiff acknowledges that he has an obligation to the Court to make known any relationship, conflict, or difference with any putative class member. Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement, and have been previously designated, by California state courts, as "Class Counsel" on at least 50 prior occasions.

d.  Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

30.    Common questions of law and fact exist, that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, et seq.;

b.    Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, et seq.;

c.    Whether Defendants made false, deceptive, and/or misleading representations in the advertising and/or packaging of the WINCUP Products;

d.    Whether Defendants knew or should have known that the recyclability claims and representations were false, deceptive and/or misleading;

e.     Whether Defendants represented that the WINCUP Products have characteristics, benefits, uses, or quantities which they do not have;

f.     Whether Defendants' representations regarding the WINCUP Products are false, deceptive and/or misleading;

g.     Whether the Defendants breached warranties regarding the WINCUP Products;

h.     Whether the Defendants committed statutory and common law fraud; and

i.     Whether Defendants' conduct as alleged herein constitutes an unlawful, and/or fraudulent business act or practice within the meaning of Business and Professions Code section 17200, et seq.

31.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

32.     Plaintiff and the Class have suffered injury in fact, and have lost money, as a result of Defendant's misrepresentations. Plaintiff purchased the WINCUP products with the prior belief that they were manufactured with recyclable materials. Plaintiff relied on Defendants' labeling and marketing and would not have purchased the WINCUP Products or paid a premium for them if he had known that they did not have the characteristics, benefits, or qualities as represented vis-à-vis the claims.

33.     The Defendants' misrepresentations regarding the Claims were material insofar as consumers relate to recyclable and sustainability policies, and tend to be willing to pay a price premium for beverages that employ such policies and/or practices. Defendants are aware of consumer preference for such products, and have implemented a strategic false and/or misleading

advertising and marketing campaign, intended to deceive consumers into thinking that the WINCUP employs such policies and practices.

34.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.

35.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

36.     Defendants have acted on grounds generally applicable to the Class as a whole, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendants.

37.     Absent a class action, Defendants are likely to retain the benefits of its wrongdoing. Because of the small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

38.     Were it not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

////

1    39.    This class action would serve to preserve judicial resources, the respective parties'

2    resources, and present fewer issues with the overall management of claims, while at the same time

3    ensuring a consistent result as to each class member.

4
                              **FIRST CAUSE OF ACTION**
5    **Violations of California Business & Professions Code §§17500, et seq.
      by Plaintiff and the Proposed Class against Defendants**
6

7    40.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

8    paragraphs of this complaint.

9    41.    Pursuant to California law, it is "unlawful for any person to make or disseminate or

10   cause to be made or disseminated before the public in this state, ... in any advertising device ... or

11
     in any other manner or means whatever, including over the Internet, any statement, concerning ...
12

13   personal property or services, professional or otherwise, or performance or disposition thereof, which

14   is untrue or misleading and which is known, or which by the exercise of reasonable care should be

15   known, to be untrue or misleading."

16   42.    Defendants committed acts of untrue and/or misleading advertising by making the

17
     Claims regarding the WINCUP products, as those claims are untrue and/or misleading.
18

19   43.    Because Defendants have been made aware of the lack of recyclability aspect to its

20   product packaging/labeling, Defendants knew or should have known through the exercise of

21   reasonable care, that the WINCUP claims were untrue and/or misleading to Plaintiff and the class

22   members.

23
     44.    Defendants' actions in violation of § 17500 were untrue and/or misleading such that
24
     the Plaintiff, the Proposed Class and the general public are and were likely to be deceived by the
25

26   untrue and/or misleading statements.

27

28

-12-

45.     Plaintiff and the Proposed Class Members lost money or property as a result of Defendants' false advertising violations, because they would not have purchased, or would not have paid a premium, for the WINCUP Products if they had not been deceived by the Claims.

### SECOND CAUSE OF ACTION
**For Violation Cal. Bus. & Prof. Code § 17200, et seq. by Plaintiff and Proposed Class against Defendants**

46.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

47.     Plaintiff is a direct victim of Defendants' illegal and/or unfair business acts and practices referenced in this complaint, has lost money as a result of such practices, and brings this action both in his individual capacity and on behalf of California citizen consumers who share a common or general interest in the damages as a result of the illegal and/or unfair practices.

48.     The approximately 100,000 member class is ascertainable via their experience as California citizens who purchased WINCUP products within the State of California at some point within the operative Limitations Period. Class members share a community of interest and an injury-in-fact as Defendants have violated California laws, thereby depriving class members of money earned. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

49.     Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money as a result of Defendants' illegal and/or unfair, deceptive, untrue and/or misleading practices.

50.     Plaintiff brings this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section 382 and who share a common or general interest in the damages as a result of the illegal and/or unfair practices, in that those individuals on whose behalf the action is brought have also lost

money as a result of Defendants' practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

51.     Business & Professions Code section 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice.

52.     Plaintiff's allegations herein are based upon Defendants' institutional business acts and practices.

53.     Defendants' acts and practices, as described herein above, are unlawful and/or unfair and/or fraudulent, in that (among other facts) they violate California law and are unfair, deceptive, untrue and/or misleading.

54.     As a direct result of Defendants' unlawful and unfair business acts and practices, Plaintiff and all other class members have been damaged in an amount to be proven. Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be proven.

55.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' business practices, alleged above, are continuing in nature and are widespread.

56.     On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages. Separately, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this complaint when the amounts are more fully known. Finally, Plaintiff also seeks an order requiring Defendants to correct, destroy and/or change all false and/or misleading labeling and website terms relating to the Claims at issue. Plaintiff will pray for leave to amend this complaint when the specific products and mis-representations are particularized following discovery.

////

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.    For an order certifying the Class;

b.    For an order certifying Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel;

c.    For an order declaring the Defendants' conduct violates the statutes and laws referenced herein;

d.    For an order to correct, destroy, and change all false, deceptive, untrue, unlawful and/or misleading labeling relating to the Claims;

e.    For an order finding in favor of Plaintiff, the Class on all counts asserted herein;

f.    For prejudgment interest on all amounts awarded;

g.    For an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief;

h.    For injunctive relief as plead or as the Court may deem proper; and

i.    For an order awarding Plaintiff, and the Class, their reasonable attorneys' fees and expenses and costs of suit.

Dated: March 21, 2025

SULLIVAN & YAECKEL LAW GROUP, APC

Ryan T. Kuhn, Esq.
Eric K. Yaeckel, Esq.
Attorneys for Plaintiff JEFFREY HEAVEY, an
Individual on behalf of himself and all others similarly
situated, and the general public

-15-

# Exhibit A



**Smart&Final.**
Warehouse & Market Friend & Neighbor

Store 347
1220 PLAZA BLVD
NATIONAL CITY, CA 91950
Telephone (619) 447-4126

Produce/Quick/Local
Sun Harvest Organic Aru          3.49   F
Green Onions                     0.88   F
            2 @       0.44
Regular Price $0.88
Chicken Roas                     2.06   F
    0.70 lb @     2.99 USD/lb
Green Beans Pkg                  3.44   F
Lemons                           4.99   F
    Regular Price $5.99

Fresh/Frozen Meat
First Street Wild Caugh         19.98   F

Dairy/Deli/Cheese
First Street Heavy Whip          9.49   F
First Street Traditiona          4.99   F
Belgioso Asiago Wedge            5.99   F

Bakery/Bread/Tortillas
FS 24ct Asst Mini Danis         11.29   F
First Street Mini Butte          9.99   F
    Regular Price $10.99

Frozen Food
First Street Peas                3.99   F
First Street Cut Corn            3.99   F

Grocery
First Street Chicken Br          1.99   F
Barilla Elbows                   3.69   F
Barilla Elbows                   3.69   F
Stacys Parmesan Garlic           0.79   F
    Regular Price $4.19
Sun Chips Garden Salsa           4.29   F

Non-Foods
First Street 12 oz Blac          8.49   T
WinCup 16 oz Foam               36.99   T
Simply Value Towels              1.29   T

General
Basket Verify                    0.00
                              ----------
SUBTOTAL                       148.87

        Total # Items Sold 23

Tax   139.09 @ 0.000% =          0.00
        9.78 @ 8.750% =          0.86
                              ----------
TOTAL                          149.73
Visa                           149.73
----------------------------------------
  PURCHASE $149.73
  ************1090 Visa
  CHIP CONTACTLESS
  REF#: 58750D APPROVED
  VISA CREDIT
  AROC - B7F10A24052604EE
  Mode: Issuer
  TAD:
  1F420132A00000000010030273000000004000
  00000000000000000000000000
----------------------------------------

Total Saved        $4.30
Item Savings        4.30
-------------------------

Legend
    T - taxable
    F - food stamp eligible
-------------------------

        00103471503250040002 39
  |||||||||||||||||||||||||||||||||||||||||

You were served by: Kelara
Date    Time    Store   Term Oper TranNo
03/15/25 02:33 PM 347    4  1 40047 0239

    Thank you for shopping with us!

    Complete our survey and
    enter for a chance to win a
    $500 SMART & FINAL GIFT CARD
  Visit www.smartandfinal.com/survey
      within 7 days of this shop

        Now Hiring!
  Visit www.smartandfinal.com/careers

        One Trip & That's It

# Frozen Food
First Street Peas
First Street Cut Corn

# Grocery
First Street Chicken Br
Barilla Elbows
Barilla Elbows
Stacys Parmesan Garlic
Regular Price $4.19
Sun Chips Garden Salsa

# Non-Foods
First Street 12 oz Blac
WinCup 16 oz Foam
Simply Value Towels

# General
Basket Verify

SUBTOTAL

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
04/03/2025
CT Log Number 548797393

## Service of Process Transmittal Summary

**TO:**    VICKI O'ROURKE, Corporate Counsel
WinCup, Inc.
55 ALLEN PLAZA, SUITE 900, 55 IVAN ALLEN JR. BLVD, NE
ATLANTA, GA 30308

**RE:**    **Process Served in California**

**FOR:**    WINCUP, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JEFFREY HEAVEY, an Individual on behalf of himself and all others similarly situated and the general public // To: WINCUP, INC. |
| **CASE #:** | 25CU014781C |
| **NATURE OF ACTION:** | Code Violation / Code Enforcement |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/03/2025 at 07:22 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  VICKI O'ROURKE  vickiorourke@wincup.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Apr 3, 2025
**Server Name:**                   Erik Luna

| Entity Served | WINCUP, INC |
|---|---|
| Case Number | 25CU014781C |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

