# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HEAVEY, an individual on behalf of himself and all other similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>WINCUP, INC., a Delaware Corporation, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.: 25cv1099-GPC(MSB)<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE AND SUA SPONTE REMANDING CASE TO STATE COURT** |

On March 21, 2025, Plaintiff filed a state court class action complaint against Defendant for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500 alleging that Defendant falsely advertised its expanded polystyrene ("EPS") foam products as "recyclable" when they are not. (Dkt. No. 1-2, Compl.) On April 30, 2025, Defendant removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), but in fact, removal should have been made pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1132(d)(2). (Dkt. No. 1, Not. of Removal.) Under CAFA, federal courts have jurisdiction over class actions where (1) the amount in controversy exceeds $5 million; (2) any member of a

class of plaintiffs is a citizen of a state different from any defendant; and (3) the number of proposed class member must exceed 100. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Where the state court complaint does not specify an amount of damages, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

On May 1, 2025, the Court issued an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction because Defendant had not alleged or shown that the amount in controversy exceeds $5,000,000. (Dkt. No. 2.) On May 16, 2025, Defendant filed a response with a declaration of its President and Chief Revenue Officer stating that the earned revenues from the products at issue in California during the past four years exceeds $5 million. (Dkt. No. 5-1, Winters Decl. ¶ 4.)

The UCL and FAL only provide for equitable relief and limited to injunctive relief and restitution, and does not permit attorney's fees.[1] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 399 (2013) ("Private plaintiffs suing under the UCL may seek only injunctive and restitutionary relief, and the UCL does not authorize attorney fees."). Restitution is "the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009) (restitution is "the difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution."). Further, a plaintiff cannot be awarded a full refund

---

[1] The UCL provides that "[t]he court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203; *see also* Cal. Bus. & Prof. Code 17535 ("[t]he court may make such orders or judgment . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful.").

2

unless the product purchased was worthless, *see In re Tobacco Cases II,* 240 Cal. App. 4th 779, 795 (2015), which is not alleged in the complaint.

On May 23, 2025, the Court issued an order following order to show cause concluding that Defendant had not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 because the restitution alleged in the complaint would necessarily be an amount lower than the earned revenue of "exceed[ing] $5 million" asserted by Defendant. (Dkt. No. 6.) Therefore, the Court granted Defendant one final opportunity to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million. (*Id.*)

On June 4, 2025, Defendant filed a response reaffirming that damages under the UCL and FAL claim are limited to restitution and injunctive relief and that disgorgement and attorneys' fees are not available under the FAL and UCL.[2] (Dkt. No. 11.) Despite conceding that Plaintiff has failed to allege any basis for monetary damages and recognizing his only relief is restitution and injunctive relief, Defendant, nonetheless, argues the Court has CAFA jurisdiction. (*Id.* at 8-9.) Defendant claims the Court may exercise CAJA jurisdiction based on Plaintiff's demand letter, dated March 26, 2025, where he sought a right of recovery in excess of $5 million for violation of the California Legal Remedies Act ("CLRA") which provides for actual, statutory and punitive damages as well as attorneys' fees. (Dkt. No. 11-2, Dooley Decl., Ex. A.) However, the complaint does not allege a CLRA cause of action. Because jurisdiction is based on the allegations in the complaint, Defendant has not demonstrated the CAFA amount in controversy has been satisfied. *See e.g., De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1216 (N.D. Cal. 2019) ("when testing the amount in controversy alleged, courts look first to the allegations of the complaint.").

---

[2] In its response, Defendant alleges Plaintiff has failed to allege a cognizable claim for money damages and failed to allege a basis for restitution. (Dkt. No. 11 at 5-8.) These arguments are more suitable on a motion to dismiss and not proper at this stage. The Court declines to address these issues as they do not address the Court's order to show cause on whether it has subject matter jurisdiction over the case.

1     Therefore, because Defendant, after two attempts, has failed to show by a preponderance of the evidence that the amount in controversy in this CAFA case exceeds $5,000,000, the Court SUA SPONTE remands the case to state court for lack of subject matter jurisdiction.

    IT IS SO ORDERED.

Dated:  June 13, 2025

                                    Hon. Gonzalo P. Curiel
                                    United States District Judge